UNITED STATES DISTRICT COURT

FOR THE EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| MARY ALICE NELSON ROGERS,<br><br>Plaintiff,<br><br>v.<br><br>DONNA ALLRED, et al.,<br><br>Defendants. | No. 2:21-cv-1908-JAM-KJN (PS)<br><br>FINDINGS AND RECOMMENDATIONS;<br>ANCILLARY ORDER<br><br>(ECF Nos. 4, 15, 18, 20.) |

On October 14, 2021, plaintiff filed the instant action against defendants Donna Allred, JP Morgan Chase, Inc., and Quality Loan Service, Inc., asserting five state-law claims in connection with her now-former residential mortgage. (ECF No. 1.)  Each defendant has moved to dismiss.[1] (ECF Nos. 4, 15, 18.)  Plaintiff did not oppose, but instead filed a first amended complaint within 21 days of defendant Allred's motion to dismiss, wherein only claims against Allred were alleged. (ECF No. 21.)  Plaintiff also filed a document entitled "motion to amend" (ECF No. 20.)  The parties filed responses to each other's documents, and the court held a hearing on these matters on January 25, 2022. (See ECF Nos. 19, 26, 27, 28, 29.)

For the reasons set forth below, the undersigned recommends dismissing plaintiff's claims and denying further leave to amend.

---

[1] Plaintiff proceeds in this action without assistance of counsel; thus, this case is before the undersigned pursuant to 28 U.S.C. § 636(b)(1) and Local Rule 302(c)(21).  See L.R. 304.

1

**BACKGROUND**[2]

Plaintiff previously resided at a house located in Sacramento County. (ECF No. 1 at ¶¶ 1-3.) In 2007, plaintiff secured a home equity line of credit on the house with defendant Washington Mutual Bank ("WaMu"). (Id. at ¶ 5.) In 2008, WaMu was taken into receivership by the FDIC and later purchased by defendant JP Morgan Chase. (Id. at ¶¶ 29-31; see also ECF No. 16 at Ex. B, the "Purchase and Assumption Agreement" between the FDIC and Chase.) Chase notified plaintiff of this fact in 2009, and plaintiff began making mortgage payments to Chase at that time. (See, generally, ECF No. 1.)

In June 2019, plaintiff ceased paying Chase on the loan. (See ECF No. 16 at Ex. D.) In January 2020, Chase appointed defendant Quality as the foreclosure trustee, who recorded a notice of default and election to sell with the Sacramento County Recorder's Office. (See Id.) Quality recorded the notice of trustee sale in September 2021, and sold the home to defendant Chase in October. (Id. at Exs. D & E.) Agents of defendant Allred recorded each of the notices. (See Id.; see also ECF No. 21 at 7.)

///

---

[2] Those facts ascertainable from the complaint are included in this background section, and are construed in the light most favorable to plaintiff—the non-moving party. Faulkner v. ADT Sec. Servs., 706 F.3d 1017, 1019 (9th Cir. 2013). However, the court is not required to accept as true "conclusory [factual] allegations that are contradicted by documents referred to in the complaint," or "legal conclusions merely because they are cast in the form of factual allegations." Paulsen v. CNF Inc., 559 F.3d 1061, 1071 (9th Cir. 2009).

Additionally, when reviewing a motion to dismiss, courts are permitted to consider undisputed facts contained in judicially-noticeable documents without converting the motion to one of summary judgment. See United States v. Ritchie, 342 F.3d 903, 908 (9th Cir. 2003) ("A court may [] consider certain material—documents attached to the complaint, documents incorporated by reference in the complaint, or matters of judicial notice—without converting the motion to dismiss into a motion for summary judgment."); see also Marder v. Lopez, 450 F.3d 445, 448 (9th Cir. 2006) (judicial notice proper for exhibits "on which the [c]omplaint necessarily relies."). Here, defendants have provided a number of exhibits that are judicially noticeable, and so the court will rely upon these documents in these findings and recommendations. See Fed. R. Evid. 201. The documents include recorded notices related to the loan, Chase's purchase of WaMu, and the information related to the foreclosure proceedings. Gamboa v. Tr. Corps, 2009 WL 656285, at *3 (N.D. Cal. Mar. 12, 2009) (taking judicial notice of recorded documents related to a foreclosure sale, including grant deed and deed of trust, as they were "part of the public record and are easily verifiable.").

**Procedural Posture for 2:21-cv-1908**[3]

In October, 2021, plaintiff filed a complaint in this court, naming as defendants Chase, Quality, and Allred. (ECF No. 1.) In November and December, defendants each moved to dismiss and requested judicial notice. (ECF Nos. 4, 5, 15, 16, 18.) Plaintiff filed a first amended complaint ("1AC") within 21 days of Allred's motion to dismiss. (EF Nos. 21.) Chase, Quality, and Allred argued in subsequent filings the futility of plaintiff's amendments. (ECF Nos. 19, 26, 27, 28.) The court held a hearing on January 25, 2022, regarding this case and another of plaintiff's cases (2:21-cv-2151). (ECF No. 29.)

**Procedural Posture for 2:21-cv-1809-JAM-AC**

In case 2:21-cv-1809-JAM-AC, plaintiff brought various constitutional claims against Donna Allred of the Sacramento County Recorder's Office—a complaint virtually identical to the 1AC in the 21-cv-1908 case. The magistrate judge in the 21-cv-1809 case screened plaintiff's complaint pursuant to 28 U.S.C. § 1915, provided her with two opportunities to amend, and ultimately recommended the claims be dismissed with prejudice for failure to state a claim. The recommendation was adopted in full by the assigned district judge. (See 2:21-cv-1809 at ECF No. 20.)

**DISCUSSION**

**I.    The Operative Complaint**

To start, the court notes a procedural conundrum brought about by plaintiff's conflicting actions: filing a 1AC as a matter of right alongside a motion to amend. Prior to the hearing, it appeared plaintiff was requesting leave to amend. (See ECF No. 20.) However, at the hearing, plaintiff asserted her intent was to have filed a first amended complaint as a matter of right. (ECF No. 21.) Complicating matters, this 1AC only stated constitutional claims against defendant Allred, and did not restate the contract, fraud, negligence, and UCL claims from the original

---

[3] Plaintiff also filed a claim for quiet title against defendants JP and Quality (among others) in California Superior court, who removed to this court and moved to dismiss in November 2019. (See 2:20-cv-2151-JAM-KJN.) For judicial economy, the undersigned heard this case alongside the 20-cv-2151 case, but issued a separate set of findings and recommendations for each, as the district judge had not consolidated or otherwise related the two actions. (See Id. at ECF No. 28.)

3

1  complaint. However, plaintiff stated at the hearing she intended to continue asserting the original
2  claims.
3        Federal Rule of Civil Procedure 15(a) allows for amendment as a matter of right if filed
4  within 21 days of, among other things, the filing of a Rule 12(b) motion. Thus, plaintiff had the
5  right to file her 1AC as a matter of right, as she filed within 21 days of defendant Allred's motion
6  to dismiss. Therefore, defendants' motions to dismiss should be administratively denied as moot.
7        However, under Ninth Circuit precedent, plaintiff's omission of the claims from the
8  original complaint constitutes abandonment of those claims. Lacey v. Maricopa Cty., 693 F.3d
9  896, 925 (9th Cir. 2012) ("It is the law of this circuit that a plaintiff waives all claims alleged in a
10 dismissed complaint which are not realleged in an amended complaint."); see also Local Rule 220
11 ("Unless prior approval to the contrary is obtained from the Court, every pleading to which an
12 amendment or supplement is permitted as a matter of right or has been allowed by court order
13 shall be retyped and filed so that it is complete in itself without reference to the prior or
14 superseded pleading."). Thus, the only claims currently before the court are those asserted in the
15 1AC against defendant Allred.
16       Despite this fact, the court recognizes plaintiff's intent to continue maintaining the
17 original claims against Chase, Quality, and Allred. Therefore, in the interests of justice, the court
18 considers whether plaintiff should be allowed to reassert the claims from the original complaint in
19 the section regarding further leave to amend.
20       **II.**    **Dismissal of Claims**
21       Defendants each argue the claims plaintiff has raised against them are subject to dismissal.
22 (ECF Nos. 4, 15, 18, 26, 27, 28.) In the 1AC, plaintiff alleges numerous constitutional and
23 conspiracy-based claims, as well as a few California state law claims, against defendant Allred.
24 These include the following, expressed in the 1AC's headers: "race discrimination in federally
25 funded programs under 42 U.S.C. § 1983 and 42 U.S.C. §2000d"; Title VI "intentional race
26 discrimination"; Violation of the Fourth and Fourteenth Amendment under 42 U.S.C. § 1983;
27 Violation of the Commerce Clause; another Title VI violation; 42 U.S.C. § 1981; § 1986
28 conspiracy; Cal. Gov. Code §11135 (race discrimination); Violations of Cal. Const. Art 1 §§ 7

(due process) and 13 (seizures); Cal. Civ. Code § 52.1 (Bane Act); and Intentional and Negligent Infliction of Emotional Distress. (See ECF No. 21 at 9-19.) However, aside from three dates listed on page 7, the 1AC is completely devoid of any factual matter to demonstrate plaintiff has plausible claims. See Bell Atl. Corp. v. Twombly, 550 U.S. 544, 555-57 (2007) (noting that to avoid dismissal for failure to state a claim, a complaint must contain more than "naked assertions," "labels and conclusions," or "a formulaic recitation of the elements of a cause of action"); Ashcroft v. Iqbal, 556 U.S. 662, 678 (2009) (defining plausibility means pleading "factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged").

The court takes judicial notice of the proceedings in case 2:21-cv-1809-JAM-AC, which are integrally related to those in the current case. Therein, plaintiff filed claims on October 14, 2021, against defendant Allred. (See Id. at ECF No. 1.) After two rounds of amendment, Magistrate Judge Claire found plaintiff was unable to state a claim, as she failed to provide any facts beyond a September 2021 date to support a claim. (See Id. at ECF No. 18.) Thus, Magistrate Judge Claire recommended the complaint be dismissed and further leave to amend be denied. (See Id.) The assigned district judge adopted the findings and recommendations in full, dismissed plaintiff's case without leave to amend, and closed the case. (See Id. at ECF No. 20.) The undersigned notes the identical nature of the claims raised in the 1AC and those raised in the 21-cv-1809 case. Thus, the court examines plaintiff's 1AC by applying res judicata principles. See Arizona v. California, 530 U.S. 392 (2000) ("[I]f a court is on notice that it has previously decided the issue presented, the court may dismiss the action sua sponte, even though the defense has not been raised. This result is fully consistent with the policies underlying res judicata: it is not based solely on the defendant's interest in avoiding the burdens of twice defending a suit, but is also based on the avoidance of unnecessary judicial waste.") (quoting United States v. Sioux Nation, 448 U.S. 371, 432 (1980)).

Res judicata, or claim preclusion, forecloses "successive litigation of the very same claim, whether or not relitigation of the claim raises the same issues as the earlier suit." See Taylor v. Sturgell, 553 U.S. 880 (2008). Stated another way, "[c]laim preclusion . . . bars any subsequent

suit on claims that were raised or could have been raised in a prior action." Cell Therapeutics, Inc. v. Lash Group, Inc., 586 F.3d 1204, 1212 (9th Cir. 2009). "Newly articulated claims based on the same nucleus of facts are also subject to a res judicata finding if the claims could have been brought in the earlier action." Stewart v. U.S. Bancorp, 297 F.3d 953, 956 (9th Cir. 2002). Thus, claim preclusion prevents a plaintiff from later presenting any legal theories arising from the "same transactional nucleus of facts." Hells Canyon Preservation Council v. U.S. Forest Service, 403 F.3d 683, 686 n.2 (9th Cir. 2005).

To establish claim preclusion the following is considered: (1) an identity of claims between the two cases; (2) the existence of a final judgment on the merits; and (3) identity or privity of the parties. See Cell Therapeutics, 586 F.3d at 1212. Determining whether there is an identity of claims involves consideration of four factors: (1) whether the two suits arise out of the same transactional nucleus of facts; (2) whether rights or interests established in the prior judgment would be destroyed or impaired by prosecution of the second action; (3) whether the two suits involve infringement of the same right; and (4) whether substantially the same evidence is presented in the two actions. See ProShipLine, Inc. v. Aspen Infrastructure Ltd., 609 F.3d 960, 968 (9th Cir. 2010). Reliance on the first factor is especially appropriate because the factor is "outcome determinative." Id.

Here, the undersigned finds each factor in the claim preclusion analysis, and each sub-factor regarding the identity of claims, satisfied, such that plaintiff's 1AC here should be dismissed on res judicata grounds. The 2AC in the 21-cv-1809 case attempted to assert twelve causes of action against Allred, and the 1AC here states the same 12 claims plus two additional, similar claims. (Cf. ECF No. 21, with 2:21-cv-1809-JAM-AC at ECF 17.) Though plaintiff failed to state facts to support these claims in the 21-cv-1809 case, it is clear both cases arise from the same nucleus of facts: the recording of certain notices related to the default and foreclosure sale in September 2021. For plaintiff to be able to reassert claims here against Allred after receiving a judgment on the merits in the 21-cv-1809 case would not only be a waste of judicial resources, it would subject defendant Allred with the burden of "twice defending a suit . . . ." Arizona, 530 U.S. at 412 (noting the policies underlying res judicata are "not based solely on the

defendant's interest in avoiding the burdens of twice defending a suit, but is also based on the avoidance of unnecessary judicial waste"). Thus, the claims in the 1AC are subject to dismissal. See Id.

### III.   Further Amendment

Prior to dismissal, the court is to tell the plaintiff of deficiencies in the complaint and give the plaintiff an opportunity to cure them—if it appears at all possible the defects can be corrected. See Lopez v. Smith, 203 F.3d 1122, 1130-31 (9th Cir. 2000). However, if amendment would be futile, no leave to amend need be given. Cahill v. Liberty Mut. Ins. Co., 80 F.3d 336, 339 (9th Cir. 1996). Here, the court finds that providing plaintiff with leave to amend on any version of her alleged claims would be futile.

For the claims attempting to be asserted in the 1AC, the court again notes the proceedings in the 21-cv-1809 case. Therein, Magistrate Judge Claire twice noted how plaintiff's filings "failed to identify any specific illegal act or harm resulting therefrom." (2:21-cv-1809-JAM-AC at ECF 18, 3.) When discussing whether to provide leave for further amendment, Magistrate Judge Claire recommended against, noting plaintiff's two prior opportunities to provide facts to support her claims. (See Id. at 4.) Given this, the undersigned believes providing plaintiff additional opportunities to amend these claims against Allred in the 1AC would similarly be futile. Cahill, 80 F.3d at 339. As any such claims would derive from the same nucleus of fact as those in the 21-cv-1809 case, thus granting plaintiff leave to amend in order to assert the claims against defendants Chase and Quality would similarly be futile.[4]

Turning to the claims asserted against defendants in the original complaint, the undersigned finds leave to amend to restate these claims would likewise be futile. In addition to plaintiff's repeated inability to provide enough plausible fact to state a claim, the court notes the law forecloses many of the claims plaintiff originally asserted against defendants. In brief:

---

[4] Additionally, since Chase and Quality are private parties, such constitutional claims would generally be futile on their face. See, e.g., Franklin v. Fox, 312 F.3d 423, 444 (9th Cir. 2002) (noting that civil rights claims under 42 U.S.C. Section 1983 generally do not lie against a private individual or business entity that does not act under color of state law).

- **Breach of Contract and Breach of Good Faith and Fair Dealing**: See, e.g., Brown v. Wells Fargo Bank, 2019 WL 7038365, at *2 (E.D. Cal. Dec. 19, 2019) ("Plaintiff has not, however, asserted the contractual language on which she bases her claim, leaving her allegation conclusory at best"); Justo v. Indymac Bancorp, 2010 WL 623715, at *7 (C.D. Cal. Feb. 19, 2010) (dismissing breach of contract and breach of covenant of good faith and fair dealing claims with respect to an agreement modifying a mortgage because no contract provision required this and any oral agreement was barred by the statute of frauds); Lester v. J.P. Morgan Chase Bank, 2013 WL 3146790, at *8 (N.D. Cal. June 18, 2013) ("For a plaintiff to successfully establish a claim for a breach of the covenant of good faith and fair dealing, there must be a valid underlying contract.");

- **Fraud**: Fed. R. Civ. P. 9(b) (stating a fraud claim "must state with particularity the circumstances constituting fraud or mistake"); see also, e.g., Casault v. Fed. Nat. Mortgage Ass'n, 915 F. Supp. 2d 1113, 1122 (C.D. Cal. 2012) (finding that plaintiff's reliance on loan modifications offers was not reasonable, and thus plaintiff did not adequately state a claim for fraud under California law);

- **Negligence**: See, e.g., Morgan v. U.S. Bank Nat'l Ass'n, 2013 WL 684932, at *3 (N.D. Cal. Feb. 25, 2013) (no duty of care exists to form the basis of a negligence action against a money lender);

- **UCL claims**: See, e.g., Temple v. Bank of America NA, 2015 WL 6438789 (Oct. 23, 2015) (finding no factual matter was alleged to demonstrate that defendants engaged in a practice that offends an established public policy);

- **Chase's alleged obligation under HAMP**: See, e.g., Villa v. Wells Fargo Bank, N.A., 2010 WL 935680, at *3 (S.D. Cal. Mar. 15, 2010) ("[T]he HAMP agreement did not require loan servicers to modify eligible loans; thus, the court found borrowers lacked standing to enforce the agreement.").

Thus, the court concludes granting further amendment to reassert the original claims would also be futile. Cahill, 80 F.3d at 339.

**ORDER**

Given these recommendations, it is HEREBY ORDERED that the initial scheduling conference set for March 17, 2022 (ECF No. 3) is VACATED.

**RECOMMENDATIONS**

For the reasons stated above, it is HEREBY RECOMMENDED that:

1. Defendants' motions to dismiss (ECF Nos. 4, 15, 18) should be DENIED AS MOOT;

    2. Plaintiff's claims asserted in the First Amended Complaint be DISMISSED, and further leave to amend, to the extent it is requested, be DENIED (see ECF No. 20); and

    3. The Clerk of the Court be directed to CLOSE this case.

These findings and recommendations are submitted to the United States District Judge assigned to the case, under the provisions of 28 U.S.C. § 636(b)(l). Within fourteen (14) days after being served with these findings and recommendations, any party may file written objections with the court and serve a copy on all parties. Such a document should be captioned "Objections to Magistrate Judge's Findings and Recommendations." Any reply to the objections shall be served on all parties and filed with the court within fourteen (14) days after service of the objections. The parties are advised that failure to file objections within the specified time may waive the right to appeal the District Court's order. Turner v. Duncan, 158 F.3d 449, 455 (9th Cir. 1998); Martinez v. Ylst, 951 F.2d 1153, 1156-57 (9th Cir. 1991).

Dated: February 9, 2022

KENDALL J. NEWMAN
UNITED STATES MAGISTRATE JUDGE

SD, nels.1908